In the Matter of the Application of SUNSHINE STORES, INC., and LEE H. INGRAM, Appellants, for Determination of the Claim of THE FIRST NATIONAL BANK, DOLGEVILLE, N. Y., Respondent, to Certain Personal Property Levied upon by the Marshal of the City Court of Johnstown, N. Y., under Judgments against FRANCIS CARY and JOSEPH REYNOLDS, Doing Business as REYNOLDS AND CARY, Debtors.— This is an appeal from an order and judgment granted by the County Court of Fulton County on the 19th day of October, 1941, and duly entered in the county clerk's office of Fulton county, in favor of the First National Bank of Dolgeville, N. Y., third party claimant, adjudging the validity of three certain chattel mortgages held by said third party claimant; purporting to cover certain lumber theretofore levied upon, and each and every part of said order and judgment. The appellants claim that the three chattel mortgages covered a stock of merchandise in bulk and, therefore, were void under section 230-a of the Lien Law; secondly, that the mortgages were void because they cover a commodity which the mortgagors are permitted to deal in and sell; thirdly, that the chattel mortgages are void because they purport to cover after-acquired property. Cary and Reynolds, judgment debtors, had for some time prior to April 1, 1940, been engaged in the lumber business in the counties of Fulton, Hamilton and Saratoga. It was their practice to buy tracts of timberland, the standing timber thereon, or to buy standing timber, convert it into logs, transport it to their mills and there convert it into lumber. The money required by them for their various financial operations was loaned to them by the First National Bank of Dolgeville which took chattel mortgages on various items of equipment, logs and lumber and manufactured products of the logs, to secure their loan. The bank advanced money to Cary and Reynolds as they needed for their operations and to carry them on; that is, for every operation which was necessary in their business. Ingram's claim did not arise until after the mortgage was given. Proof is conclusive that the moneys received for sales of lumber by Cary and Reynolds were paid over to the mortgagee bank. The provisions of section 230-a of the Lien Law have no application to the instant case. That section provides that a mortgage upon a stock of merchandise or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as to creditors unless an inventory be prepared and prior notice of the proposed incumbrance be given to the creditors. That section is not applicable to a lessee or owner of a sawmill who cuts logs into

lumber. (*Cooney, Eckstein & Co.* v. *Sweat*, 133 Ga. 511; 66 S. E. 257; *Matter of Saraw*, 91 F. [2d] 957, at p. 958.) Order and judgment appealed from unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.